**Larry Gordon RANDALL, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0873–12.**

Court of Criminal Appeals of Texas.

Oct. 31, 2012.

David Hilburn, Bryan, for Appellant.

Stacey M. Goldstein, Lisa C. McMinn, State's Attorney, Austin, for State.

MEYERS, J., filed a dissent to the refusal to grant Appellant's PDR.

The facts of this case are illustrative of the fallacy in the reasoning of *Gonzales v. State,* 369 S.W.3d 851 (Tex.Crim.App. 2012), in which this Court took the premise of community caretaking way beyond what the law envisioned. Community caretaking is supposed to be an exception to the warrant requirement that applies only when an officer actually observes that someone is in need of assistance. An officer cannot claim that he is engaged in community caretaking when he is simply investigating a scene to see if something happened.

In this case, as in *Gonzales,* the officer did not see anything happen, rather he was checking to see if something was happening. This is investigation, not community caretaking. Also similar to *Gonzales,* the facts here indicate that under the factors listed in *Wright v. State,* 7 S.W.3d 148 (Tex.Crim.App.1999), the officer's belief that Appellant was in need of community caretaking was unreasonable. Appellant exhibited no distress at all; he was located safely on the side of the road at a time when there was very little traffic, so no possibility of danger to other drivers; the officer saw that Appellant was on the phone, thus had access to assistance independent from that offered by the officer; and he presented no danger to himself or others. Thanks to the majority decision in *Gonzales,* officers are now allowed to detain and investigate someone safely pulled over on the side of the road without ever observing any difficulties or distress. If this case is any indication, it looks like officers are taking that opportunity and running with it. I would grant this case and hold that Appellant's detention was not justified under the community caretaking exception to the warrant requirement.

The majority of this Court has basically turned community caretaking into a bed check in boarding school. Therefore, I respectfully dissent to the Court's refusal to grant Appellant's PDR.